JOHN R. BURCH *et al.*, plaintiffs in error, *vs.* THE MAYOR AND ALDERMAN OF SAVANNAH, defendant in error.

A retail dealer in goods, wares and merchandise, who is also a retailer of spirituous liquors, and who has paid his license as such retailer of spirituous liquors, to the corporation of the city of Savannah, is not exempt from the special tax laid by the city of Savannah upon retailers of spirituous liquors, nor is such special tax upon retail dealers generally an illegal tax under the Constitution and laws of the State.

Taxation. Municipal Corporations. Before Judge SCHLEY. Chatham county.   August 1870.

Burch *et al.*, in April, A. D., 1870, filed their bill in equity against the Mayor and Aldermen of the City of Savannah as follows:

"The Mayor and Aldermen of the City of Savannah, by Ordinance passed the 22d day of December, 1869, ordained that on and after the first day of January, 1870, taxes and revenue for the support of the government of the city of Savannah, and for the advantage and benefit of the inhabitants thereof, shall be assessed, levied and raised, at and after certain rates therein specified.   And amongst other other things specified in the third section of the said ordinance, it was ordained, that every retail dealer shall pay a specific tax to the said city of $25 00 exclusive of liquor license.   And by the first section of said ordinance, it was provided, that, on all gross sales, of every kind of goods, wares and merchandise, there should be collected for the benefit of the

city, as aforesaid, the sum of one half of one per centum. And by the sixth section of the same, the price of a license to retail spirituous liquors for one year, was fixed at the sum of $125 00. Complainants are retail dealers of merchandise in said city, and are retail dealers of spirituous liquors; they respectively carry on the whole of their business at the same place and under one roof, and the business of retailing spirituous liquors and retailing other merchandise, is not separate.

"And they have respectively paid to the said city the price of a retail license for the sale of spirituous liquors, for the year 1870, and license has been issued to them, and they have paid also the tax, of one half of one per centum, on the sales of merchandise by them made, as required by the ordinance.

"And they have not been required by the officers of the city government to pay the specific tax provided for in the third section of the said ordinance, until the 18th day of the present month, when they were informed by the Marshal of the city, acting under the direction of the said Mayor and Aldermen, that he was ordered to notify them that if the said specific tax should not be paid by the 23d of the present month, he would be compelled to place them upon the information docket, for a violation of the said ordinance. In other words, the said Mayor and Aldermen were about to proceed to enforce the ordinance for the collection of the specific tax; and by a proceeding before the Police Court, to punish complainants for a failure to pay the said specific tax. Said ordinance, so far as it authorizes the collection of the said specific tax, in addition to the other taxes above named, is unconstitutional and violative of law," etc.

The bill proceeded in the usual form, and prayed for an injunction to restrain the said Mayor and Aldermen from enforcing the ordinance for the specific tax aforesaid, and an injunction was granted as prayed for.

During the May Term of the said Superior Court, A. D.,

1870, the " Mayor and Aldermen of the City of Savannah," moved to dissolve the said injunction and dimiss the bill, and upon argument had, the bill was dismissed for want of equity. This is assigned as error.

RUFUS E. LESTER, for plaintiffs in error. City can only tax by express grant: 8 Ga. R., 20; 41st, 21. Legislation limited by Constitution: 8 Ga. R., 28. Tax Acts construed in favor of citizen: 8 Ga. R., 30; 4 Mass. R., 145; 2 Cow. R., 42; 9 Pick. R., 414; 3 Story R., 369. Tax must be *ad valorem:* Art. I., sec. 27, Constitution; 41 Ga. R., 21. Savannah has no power to tax occupations: R. Code, sec. 4749.

E. J. HARDEN; HARTRIDGE & CHISOLM, for defendant. This tax properly laid: R. Code, sec. 4749; 36 Ga. R., 460. Liquor dealing distinct business: R. Code, secs. 4761, 4481, 1435, 1438. Tax on occupations legal: Acts 1868, 152, 153; Acts 1869, 159.

McCAY, J.

The license fee for retailing liquors is, in no proper sense, a tax. Its object is not to raise revenue. It has, for many years, been thought that this business was one dangerous to the public peace and the public morals, and it has been the uniform practice of the country to subject it to regulations; require license from some public functionary before it is engaged in, and to punish, as a crime, the pursuit of it without the license. The license is part of the *police regulations* of the country, and the fee is rather intended to prevent the indiscriminate opening of such establishments than to raise revenue by taxation. This power to regulate the sale of liquor is very generally committed, now, to the towns and cities, and this power is specially delegated to the City of Savannah: Revised Code, 4761. Nor are we able to see why a license to retail liquor should be held to include a license to retail other things than liquor. As we understand the

Burch *et al. vs.* The Mayor and Aldermen of Savannah.

statements in this bill, these parties do not pretend that they are simply liquor dealers. They admit that they are retail dealers of other things as well as liquors. We can see, therefore, *nothing* in the fact that they have paid the liquor license. As we have said, that is not a tax—it is a police regulation, so specially granted, by the law, to the city. Section 4761 of the Revised Code provides that, the said Mayor and Aldermen shall have the control and *regulation* of all shops, stores, taverns and bar-rooms, and the *regulation* of tavern licenses and licenses to retail liquors. But it is said that these parties have paid, first, a poll tax, second, a tax on their gross sales; and that this tax upon their trade, occupation, or business, as retailers, is a repetition of one or the other of these taxes.

There is no doubt but that, *under the city charter*, this *tax* upon the occupation of a retailer may be laid. This Court so expressly decided in 36th Georgia Reports, 460, in the case of *Charlton vs. The Mayor and Aldermen of Savannah.* Section 4749 of the Code provides that, they may tax " the inhabitants of the city, those who hold taxable property within the same," and " those who *transact, or offer to transact, business therein."* They may, by this section, also tax real and personal property, capital invested in said city, stocks in money corporations, choses-in-action, income and commissions derived from the pursuit of any trade, profession, faculty, or calling, dividends, bank, insurance, express, and other agencies, and all *other property* or *sources of profit,* not expressly prohibited, or exempt by State law, or competent authority of the United States. Nor do we see why the city may not tax the calling, as well as the income from the calling. It is usual for governments so to do. The United States Tax Laws are full of such instances. Attorneys, doctors, merchants, bankers, etc., all pay a special tax, as well as a tax upon their sales and their income. The right of taxation, in the Legislature, is without limit, except as provided in the Constitution. It is not a power specially granted; it

is assumed to exist, and is *limited* by special clauses. We can see no reason, in the *nature of things*, why a tax may not be laid upon the land, and upon the crop, on the horse, and on the work of the horse, on the man, and on the income of the man; unless there be some special limitation of this power by the Constitution.

This Court has held that the limitations upon the taxing power, in the Constitution, apply as well to cities and towns as to the Legislature, and that all taxes upon *property*, when laid by a city, must be laid *ad valorem*, and be uniform upon all species of property taxed. Is this a tax upon property? Very clearly, not. It is a tax upon occupation or employment, and has no reference to property. If it be objectionable at all to the constitutional limitations, it comes more nearly within the prohibition of section 29 of Article I., of the Constitution, which prohibits a poll tax, except for educational purposes, and limits even that to $1 00. But taxes upon professions and occupations of skill, as taxes upon lawyers, doctors, photographists, auctioneers, bank agents, wholesale and retail dealers, peddlers, etc., have never been, in this State, classed as poll taxes. The poll tax has always been required of each of them, notwithstanding the other tax. If the Legislature were to attempt, by taxing *all occupations*, practically, to annul the prohibition against a poll tax, the question made might arise. But there is a clear distinction between a tax upon certain specified businesses, where the skill of the operator is a source of profit, or where the public are appealed to for patronage and protection of a fixed and regular business, and a tax covering all persons, whatever may be their occupation. Necessarily, in the construction of the Constitution, we are to take words as they have, for years past, been used and understood in Legislative proceedings in this State.

The Code, which was before the Convention, and was adopted by it, as the law, makes the distinction we have alluded to, very clearly. It taxes every person twenty-five

cents: Section 806, paragraph 3. This is the poll tax. It, then, by various paragraphs, taxes lawyers, doctors, etc.: Section 806, paragraphs 1, 2, 4, 5, 6, 7, 8, 9. So, too, did the Legislatures of 1868 and 1869. And such has always been a distinction, kept up in this State. It is founded, too, in fact. The skill, or education, or tact, which is the source of profit in these occupations, is clearly distinguishable from that capacity which is in every man to work for his support with the hands which God has given him.

Judgment affirmed.