WRIGHT & HILL *et al.*, plaintiffs in error, *vs.* THE MAYOR AND GENERAL COUNCIL OF THE CITY OF ATLANTA, defendants in error.

1. Under the authority vested in a municipal corporation by act of the general assembly, to require persons, etc., engaged in carrying on businesses within its limits, to register and take out licenses, it may tax the businesses of such persons as may have already obtained licenses from the state to prosecute their respective callings.

2. It would not have been competent for the corporation to have required a person already in possession of a license from the state to pursue his avocation, to procure a license from it as a condition precedent to doing business.

Municipal corporations. Tax. License. Before Judge HOPKINS. Fulton county. At Chambers. November 29th, 1875.

Reported in the decision.

SIDNEY DELL; THOMAS FINLEY, for plaintiffs in error.

W. T. NEWMAN, for defendant.

WARNER, Chief Justice.

This was a bill filed by the complainants against the defendant, praying for an injunction, to restrain it from the collection of a tax assessed against them of $15 00, as attorneys at law, upon their business in the city of Atlanta, by an ordinance of said defendant. On the hearing of the application for the injunction, the presiding judge granted the same, so far as to restrain the collection of $5 00 of the amount of the tax assessed, but refused the injunction as to the balance of the tax assessed, whereupon the complainants excepted.

1. By the 26th section of the act of the general assembly, establishing a new charter for the city of Atlanta, approved 28th of February, 1874, it is declared, that "The said mayor and general council shall have full power and authority to require any person, firm, company or corporation, engaged in prosecuting or carrying on, or who may engage in, prosecute or carry on, any trade, business, calling, avocation or profession, within the corporate limits of said city, to register their names and business, calling, avocation or profession, annually, and to require such person, firm, company, or association, to pay for such registration, and for license to engage in, prosecute or carry on, such business, calling or profession aforesaid, not exceeding $25 00 per annum." On the 21st of June, 1875, the mayor and general council of the city of Atlanta passed an ordinance, requiring practicing lawyers or firms, practicing physicians or firms, practicing dentists or firms, daguerrean or photographic artists or firms, carrying on business as such, to register their business, and to pay a tax on said business of $25 00, and fee, per annum. On the 5th of July, 1875, the foregoing ordinance was amended so far as

Wright & Hill *et al. vs.* The Mayor, erc., of Atlanta.

to reduce the tax imposed thereby to $15 00 per annum, and that is the tax now complained of, on the ground that the defendant had no lawful power or authority, under its charter, to pass the ordinance imposing it. The fair and reasonable interpretation of the 26th section of the defendant's charter is, that it was the clear and manifest intention of the legislature, to confer the power and authority upon the mayor and council of the city, to require, by the passage of an ordinance for that purpose, that any person engaged in carrying on any trade, business or profession, within the corporate limits of the city, including lawyers, should register their names, and business, or profession, annually, and to tax *the business* carried on by them, for the purpose of raising revenue for the support and maintenance of the city government, not exceeding $25 00 per annum, including the fee for registration. To require a lawyer to register his *business,* as required by the defendant's ordinance, was not made by it a condition precedent to his right to practice his profession in the city, it only required of him to register his name and business, as a mere police regulation. The ordinance complained of does not require the complainants to obtain a license from the defendant to practice their profession or to carry on their business in the city and to pay anything for such license ; the ordinance only requires them to register their *business,* and to pay a tax on *that business.*

2. Under the provisions of the 26th section of its charter, the defendant had the power and authority to pass an ordinance requiring all persons doing business in the city to pay for a license to do so, except such persons as had been already licensed to practice their profession, and carry on the business of their profession in the city, under the general laws of the state. It would not have been competent for the defendant to have passed an ordinance requiring the complainants as practising lawyers, to take out and pay for a license, as a condition precedent to enable them to practice their profession and carry on that business in the city, for the reason that they had already been licensed to do that under the general law of the

state. The ordinance complained of does not require that of the complainants. The ordinance simply requires the complainants to *register their business* and to pay a tax on said business of $15 00 per annum and the registration fee for registering their business. According to the ruling of this court in *The Home Insurance Company vs. The City of Augusta,* 50 *Georgia Reports,* 537, this ˙was a tax on the *business* of the complainants carried on by them as practising lawyers, within the corporate limits of the city of Atlanta, and being a tax on their business as practising lawyers, the defendant had the lawful power and authority, under the provisions of its charter, to pass the ordinance complained of, and to assess and collect the tax, as specified therein. Although the court erred, in our judgment, in restraining the collection of $5 00 of the amount assessed by the defendant's ordinance, yet, as the defendant did not except to the decision of the court in relation to that point in the case, we affirm the judgment of the court.

Let the judgment of the court below be affirmed.