# MUTUAL RESERVE FUND LIFE ASSOCIATION *v.* CITY COUNCIL OF AUGUSTA *et al.*

A tax imposed by a municipal corporation on the gross premiums of an insurance company doing business in the city where the tax is imposed is not a property tax in the sense of the constitution, so as to require the ad valorem system to be applied. While by a municipal ordinance a tax on the gross premiums of an insurance company doing business in the city, at a given rate per cent., may be lawfully imposed if the authority to do so be clearly given, an ordinance which by its terms only imposes such tax on non-resident companies, and expressly excludes resident companies from its operation, is void for the want of the uniformity required by the constitution.

A license tax of a given sum imposed upon every agent of a fire or life-insurance company is payable by an agent of an association which has no capital stock but insures the lives of its members under the assessment

plan, and this is true notwithstanding such agent is the employee of the company and does not represent any other company.

Argued June 1, 1899. — Decided January 30, 1900.

Petition for injunction.   Before Judge Brinson.   Richmond county.   March 13, 1899.

*King & Anderson,* for plaintiff.
*William H. Barrett,* for defendant.

LITTLE, J.   The Mutual Reserve Fund Life Association made application to the judge of the superior court of Richmond county, to enjoin the City of Augusta from proceeding to collect from it certain taxes and license fees which the city alleges that petitioner and the agent of the petitioner doing business in the City of Augusta are due to it.   By an ordinance duly passed, the city imposed a tax of one and a quarter per centum "on the gross premiums of every insurance company not located in this city," and under this ordinance executions have been issued against plaintiff in error for the years 1894, 1895, 1896, and 1897.   In addition to the tax so levied, the city through its officials demands of petitioner that it pay into the city treasury an annual license tax of one hundred dollars. Petitioner alleges that the ordinance imposing the tax on its gross premiums is unconstitutional, illegal and void, and that its agent in the City of Augusta is its employee, and not a broker representing different life-insurance companies, and the license fee of one hundred dollars is demanded under an ordinance of said city which provides that a license tax shall be assessed "upon every agent of a fire or life insurance company, for each company, of one hundred dollars," and that under said ordinance it is not legally liable to pay said sum.   It was admitted that one and one quarter per centum, the rate charged on the gross premiums of insurance companies not located in Augusta, is the same as the rate charged upon real and personal property in said city, and that there is no insurance company with its principal office in the City of Augusta.   It was also admitted that the petitioner had been licensed to do business in the State of Georgia as a mutual life association furnish-

ing insurance upon the assessment plan, and that it had complied with all the laws of the State entitling it to do business. On the hearing, the judge denied the injunction, and the plaintiff in error excepted.

In order to properly determine whether the plaintiff in error is liable for the payment of the tax imposed upon its gross premiums, it may be well to consider whether such a tax is to be classed as a tax on property or a tax on business. The history of the legislation of this State, since the present system of taxation was adopted, will show that the General Assembly has invariably treated a tax upon sales or receipts as a business tax. In each of the general tax acts since the adoption of the present constitution, and for a number of years prior to that time, a tax has been imposed upon the gross receipts of insurance, sleeping-car, telegraph, and express companies, and at a rate different from that which is imposed by the State upon property in general. If these provisions of our general tax laws should be considered as a property tax, there would be but little question that they would be obnoxious to the provisions of our constitution, which declares that taxation shall be uniform and ad valorem. But if they are to be considered as a business tax, then, under previous adjudications made by this court, if all subjects belonging to the same class were made subject to the same rate of taxation, such provisions would not come within the constitutional inhibition. Leading text-writers, and adjudications of other States, with a considerable degree of unanimity, declare such a tax to be a business tax and not a property tax. 1 Desty on Taxation, 229, 303, 304, 375, citing a large number of adjudicated cases. The Supreme Court of Pennsylvania has directly passed upon the questions involved, and held, in the case of Insurance Company of North America v. Commonwealth, 87 Pa. St. 181, that a tax upon the gross premiums of insurance companies was a business and not a property tax.

There is, however, a seeming conflict in some of the cases passed upon by this court, where this question was involved. In one case, that of Pearce, Wheless & Co. v. Augusta, 37 Ga. 597, it was apparently held, that a tax on gross sales of cotton,

and on the gross amount of all sales of goods, and on the gross receipts for storage, and on every one hundred dollars of commissions received by commission merchants and cotton factors, was a property tax. Subsequent rulings, to which we shall hereafter refer, held such a tax to be a business tax. This conflict was referred to by Chief Justice Bleckley in the case of *Gould* v. *Atlanta*, 55 *Ga.* 678, but in the decision in the latter case no attempt was made to reconcile the conflict, nor was the question now in issue directly decided. If the decision rendered in the Augusta case, supra, be critically examined, it will be easy, we think, to show that the ruling of the court can not be held as authority for the proposition that the tax imposed by the ordinance being considered was a property tax. The ruling made was, that the City Council of Augusta, under its charter, had the power and authority to enact the ordinance under which the taxes were imposed, and to assess and collect the same. It is true that Chief Justice Warner, who delivered the opinion, in the discussion of the question treated the tax imposed as a property tax; but, unless the decision of the court held it so to be, the words used in the reasoning of the judge are not sufficient of themselves, to adjudicate that the tax imposed by the ordinance was a tax on property. The part of the charter invoked to support the ordinance levying the tax vested the City Council of Augusta with "power and authority to make such assessments on the *inhabitants* of Augusta or those who held taxable property within the same, for the safety, benefit, convenience and advantage of the said city, as shall appear to them expedient." In the case of *Home Insurance Company* v. *Augusta*, 50 *Ga.* 530, this court held that the words in the charter above quoted were broad enough to authorize the city to tax occupations, businesses, etc., as well as property ; so that it was not at all essential to the conclusion arrived at by the court to rule that the tax was one on property, in order to sustain the ordinance. As we have said, the court did not in terms so hold, and, as the charter was sufficiently broad to enable the city to place a tax on business and occupation, the ordinance passed in pursuance of the power was legal. As a matter of fact, the ordinance did not refer to the class in

which the tax should be placed, but simply designated that a given rate per cent. should be imposed on the gross premiums of certain insurance companies doing business in the city. So, undoubtedly, the decision was correct, and the reasons given by the judge in coming to the correct conclusion are not to be regarded as authoritative expressions of the court. So construing the decision in that case, it is, as we shall presently see, not at all in conflict with subsequent decisions on the subject.

In the case of *Joseph* v. *Milledgeville*, 97 *Ga.* 513, a tax upon all gross sales of goods, wares, and merchandise was treated and considered as a business tax, and the effect of that decision is to practically hold it as such. As bearing on the point, see also the following decisions of this court: *Burch* v. *Savannah*, 42 *Ga.* 600; *Bohler* v. *Schneider*, 49 *Ga.* 195; *Home Ins. Co.* v. *Augusta*, 50 *Ga.* 530; *Wright & Hill* v. *Atlanta*, 54 *Ga.* 645. In the case of *Waring* v. *Savannah*, 60 *Ga.* 93, Chief Justice Jackson so pertinently deals with the question as to make his remarks valuable here. He says: "But are gross earnings and interest, coming in from any source, labor, capital, investment of any sort, money loaned,—are these things property in the sense of the constitution, and to be taxed as real, genuine property—such as real estate and personal effects,—or are these really *income?* Certainly the gross earnings of a laboring man are nothing but his income; so, it would seem, the earnings of a salaried officer are income; and so the income from capital employed in a bank, or railroad, or manufactory, would seem to be income only." In the case of *Mayor &c. of Savannah* v. *Hartridge*, 8 *Ga.* 28, Judge Lumpkin said that "The subject of taxation has been, very properly, divided into three classes—capitation, property, and income; . . and when one or more is mentioned or treated of, the other is never intended." And it was ruled in that case that a charter which authorized a municipal corporation to tax real and personal estate does not necessarily confer the right to tax income. We think, from the authorities to which reference has been made, that it may now be regarded as settled in this State that a tax imposed upon gross premiums of an insurance company is a business tax and not a property tax,

and, being so, it may be imposed by a municipal corporation when clearly authorized so to do by its charter; but such power must appear by express words or unavoidable implication. 8 *Ga.* supra, cited approvingly in the case of *Trustees* v. *Atlanta*, 76 *Ga.* 189. We do not find it necessary to closely examine the acts incorporating the City of Augusta, for the purpose of ascertaining whether this power has been conferred, because, under a view of this ordinance which we shall presently take, it must be held to be unconstitutional and inoperative, whether the power has or has not been conferred. It will be seen, by reference to the terms of the ordinance, that the tax of which complaint is made is imposed only on the premiums of such insurance companies as are not located in the City of Augusta. It is, however, shown that no insurance company has its principal office in the City of Augusta, but this fact can not affect the legality of the ordinance. It must stand or fall, in this regard, upon its compliance with the constitutional requirements. Its legal effect is to impose a tax on the gross premiums of non-resident insurance companies, and exempt the gross premiums of resident companies, if such are now or should hereafter become established in the City of Augusta while the ordinance remains in force. On the legal question involved Judge Cooley in his work on Taxation, page 99, says: "The Federal constitution provides that the citizens of each State shall be entitled to all the privileges and immunities of citizens of the several States. The obvious purpose is to preclude the several States from discriminating in their legislation against the citizens of other States. A State law, therefore, which imposes upon citizens of other States higher taxes or duties than are imposed upon citizens of the States laying them, is void." Citing 14 Ala. 627; 22 Ark. 556; 11 Allen, 268.

In construing the constitutional provisions as to the uniformity and ad valorem system to be enforced in this State, this court has repeatedly held that one business may be taxed and not another. But the requirement as to this kind of taxation is, that it shall be uniform upon all business of the same class. *Cutliff* v. *Albany*, 60 *Ga.* 599; *Burch* v. *Savannah*, 42 *Ga.* 600; *Bohler* v. *Schneider*, 49 *Ga.* 195; *Home Ins. Co.* v.

*Augusta,* 50 *Ga.* 530; *Goodwin* v. *Savannah,* 53 *Ga.* 414; *Mayor etc. of Savannah* v. *Weed,* 84 *Ga.* 683; *Weaver* v. *State,* 89 *Ga.* 639. A classification for taxation may be made, but it must be reasonable and not arbitrary, and, in order to be valid, must be natural. As an instance, we think the City of Augusta, assuming it had legal power, might properly classify the business of insurance, but a classification which applied only to particular insurance businesses for the purposes of taxation would not meet the constitutional requirement. The General Assembly of this State, in the exercise of its right to classify the subjects upon which a business tax may be levied, has provided that insurance companies, including resident as well as non-resident companies, should be placed in a class. In the case of *Gould* v. *Atlanta,* 55 *Ga.* 678, this court held: "The power in the charter of Atlanta to tax itinerant traders is not lawfully exercised by the adoption of an ordinance to tax those itinerant traders only who are non-residents of the city. No tax can be imposed on non-resident traders of the same class." See also *Singer Company* v. *Wright,* 97 *Ga.* 119; *City Council of Augusta* v. *Planters Bank,* 47 *Ga.* 562. It must, therefore, be held that the ordinance is invalid, and that no legal tax could be imposed under it, because of the discrimination made against non-resident companies and in favor of home companies. In relation to the imposition of the license tax of one hundred dollars, we are equally clear that the contention of the plaintiff in error should not prevail. This ordinance is placed upon every agent of a fire or life-insurance company, and is a license or business tax on the occupation of the agent. Notwithstanding the plaintiff in error is engaged in the business of life-insurance on the assessment plan and has no capital stock, it is nevertheless engaged in the business of life-insurance, and, being a corporation, it acts through its agents, and notwithstanding the agent who represents it in the City of Augusta is not a broker, nor represents other insurance companies, he yet represents this insurance company, and is therefore, in contemplation of the law, an agent of a life-insurance company, and is embraced in the terms of the ordinance. Inasmuch as the judge denied the applica-

tion for injunction, we must, in view of what has been said, reverse that judgment; but we do so only to the extent of the tax executions issued upon the assessment on the gross earnings of the plaintiff in error, and rule that he did not err in refusing to restrain the City of Augusta in collecting the license tax imposed on the agent.

*Judgment reversed. All the Justices concurring, except Simmons, C. J., who was disqualified.*