GREEN *et al. v.* HARPER *et al.*

No. 9772.   September 14, 1933.

682

*John I. Kelley* and *Edith Campbell,* for plaintiffs in error.

*J. K. Jordan, J. Ira Harrelson, Stephens Mitchell, Philip Welt-ner, F. L. Breen,* and *O. Lee White,* contra.

PER CURIAM. Under the decision in *Wright* v. *Fulton County,*

169 *Ga.* 354, 357 (150 S. E. 262), as follows: "This provision of the constitution does not require that the title should contain a synopsis of the law. The general object of the law is all that need be indicated by the title. Provisions germane to the general subject-matter embraced in the title of an act, and which are designed to carry into effect the purposes for which it is passed, may be constitutionally enacted therein, though not referred to in the title otherwise than by the use of the words, 'and for other purposes'" (see authorities cited), the seventeenth section of the act approved March 23, 1933 (Ga. L. 1933, p. 227), does not offend the constitution art. 3, sec. 7, par. 8 (Civil Code, § 6437), which provides that "No law or ordinance shall pass which . . contains matter different from what is expressed in the title thereof." See also *Dollar* v. *Wind,* 135 *Ga.* 760 (4), 765 (70 S. E. 335).

■ The act of 1933 (supra) is not in conflict with art. 1, sec. 4, par. 1, of the constitution (Civil Code, § 6391), declaring that "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law," because there is no general law of this State making provision for the election of members of the executive committee of the democratic party of a municipality. Section 127 of the Code of 1910, and section 138(w) of Park's Code Supp..1926, relied on by plaintiffs in error, do not make such provision.

■ The constitution art. 3, sec. 7, par. 22 (Civil Code, § 6450), provides: "The General Assembly shall have power to make all laws and ordinances consistent with this constitution, and not repugnant to the constitution of the United States, which they shall deem necessary and proper for the welfare of the State." It follows from this that all acts of the General Assembly are valid when not forbidden by the constitution of Georgia, and not repugnant to the constitution of the United States. ·This court will decide only those constitutional or other questions which are duly made. Such questions in this case are decided in paragraphs 1 and 2 preceding. It follows that the act in question does not offend the provision of the Georgia constitution last quoted.

■ The case was tried upon the pleadings alone. The court did not err in overruling the demurrer to the petition, and rendering judgment granting mandamus absolute.

*Judgment affirmed. All the Justices concur.*