### 27579. FULTON COUNTY HOME OWNERS ASSOCIATION, INC. v. ABBOTT et al.

GUNTER, Justice. The appellant here brought an action below against the members of the joint City of Atlanta-Fulton County Board of Tax Assessors and the Fulton County Tax Commissioner seeking injunctive relief which was denied by the trial court. The appeal requires us to review the judgment of the trial court which denied the relief sought.

The primary complaint of the appellant was that the method and procedure used by the appellees in assessing and taxing tangible personal property (inventory) were illegal and inequitable, resulting in the shifting of a disproportionate part of the tax burden from personal property to real property.

The trial judge conducted a hearing in the matter and

considered evidence submitted by affidavits and by interrogatories, and he thereafter entered extensive written findings of fact and conclusions of law.

The crucial portions of the trial judge's findings contained in his order are as follows: "Having considered the evidence before the Court, it is the judgment of this Court that the inventory appraisals made by the joint Atlanta-Fulton County Board of Tax Assessors are in substantial compliance with the requirements of the law that property shall be assessed at forty (40%) percent of fair market value, and based upon the evidence the Court finds substantial uniformity which has never heretofore existed.

"The law is clear, 'taxation on all real and tangible personal property subject to be taxed is required to be according to fair market value, and the requirement in the Constitution that the rule of taxation shall be uniform, means that all kinds of property of the same class, not exempt, must be taxed alike, by the same standard of valuation equally with other taxable property of the same class, and co-extensively with the territory to which it applies, meaning the territory from which the tax is given, as a whole, is to be drawn.' See Hutchins v. Howard, 211 Ga. 830.

"The court finds the Board of Tax Assessors are in substantial compliance with the Constitutional provision requiring uniformity as well as the foregoing principle pronounced in case law.

"It is ordered, adjudged and decreed, that the relief prayed for in the foregoing complaint filed in this office on the 15th day of May, 1972, is hereby denied and it therefore follows that prayer for injunction is denied."

We have reviewed the entire record, and we find no legal infirmity in the trial judge's findings of fact and conclusions of law. The evidence authorized the judgment rendered.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 15, 1972 — DECIDED MARCH 8, 1973 — REHEARING DENIED MARCH 22, 1973.

*Standish Thompson,* for appellant.
*Robert G. Young, Charles M. Lokey,* for appellees.