## 28194. BLACKMON v. GOLIA et al.

UNDERCOFLER, Justice. The State Revenue Commissioner appeals from a judgment enjoining him from enforcing certain provisions of the "Uniform Beer Tax Act." Ga. L. 1973, p. 328. The trial court found that sections 5A (a) and 5A (b) thereof lacked uniformity and violated the Georgia Constitution. Section 5A (a) directs municipalities and counties permitting the sale of beer to impose an excise tax of not less than 3 1/2 cents nor more than 5 cents per 12 ounces or proportionately thereof. Section 5A (b) directs that the tax be imposed upon wholesale dealers. There is a "grandfather" provision for those municipalities and counties imposing a greater tax as of December 1, 1972. *Held:*
1. The initial question here is whether the General Assembly may

direct municipalities and counties to levy a tax or whether it may only delegate to them under specific provisions of the Georgia Constitution its power to tax. Stated more succinctly: Is the Georgia Constitution a delegation of power to the General Assembly or a limitation?

"The General Assembly of this State is absolutely unrestricted in its power of legislation so long as it does not undertake to enact measures prohibited by the State or Federal Constitution." *Tripp v. Martin,* 210 Ga. 284, 288 (79 SE2d 521). With respect to taxes it has been stated, "The power of the legislature to impose taxes is inherent, and is only circumscribed by the organic law." *State of Ga. v. Western & A. R. Co.,* 136 Ga. 619, 625 (71 SE 1055). "The right of taxation, in the legislature, is without limit, except as provided in the Constitution. It is not a power specially granted. It is assumed to exist, and is limited by special clauses." *Burch v. Mayor &c. of Savannah,* 42 Ga. 596, 598. Thus it is seen that the Georgia Constitution is a limitation on the power of the General Assembly. This principle is recognized in Art. III, Sec. VII, Par. XX of the Georgia Constitution which provides: "The General Assembly shall have the power to make all laws consistent with this Constitution and not repugnant to the Constitution of the United States, which they shall deem necessary and proper for the welfare of the State." Code Ann. § 2-1920. See *Green v. Harper,* 177 Ga. 680, 685 (170 SE 872); McElreath, Constitution of Georgia (1912), p. 528. Indeed this appears to be the view of all the states. See Saye, "The Extent of State Legislative Power." 12 Ga. B. J. 147. The statements that, "The departments of the State government have and can exercise only such power as the people have conferred upon them by the Constitution" and that "a fundamental principle of our State Government under the Constitution . . . denies any implied or inherent right or power in the legislative department to exercise any power that has not by the sovereign people, through that Constitution, been reposed in the legislative department of government" which appear in *Thompson v. Talmadge,* 201 Ga. 867, 879, 887 (41 SE2d 883) are disapproved.

Subject to constitutional limitations, cities and counties are creatures of the legislature. They are subordinate political divisions of the State for local administration. *Penick v. Foster,* 129 Ga. 217, 219 (58 SE 773, 12 LRA (NS) 1159, 12 AC 346). Accordingly, if not inhibited by the Constitution, the legislature may direct these political divisions to perform acts including the

levying of a tax. As stated in *Wright v. Fulton County,* 169 Ga. 354, 359 (150 SE 262), "We see no valid reason why the legislature can not require counties to levy taxes for these purposes where such levies are not otherwise prohibited by the Constitution of this State." Also as stated in *Dennington v. Roberta,* 130 Ga. 494, 499 (61 SE 20): "The duty of the town council to levy the tax recommended by the school board was mandatory under the Act, and the levy of the tax was a ministerial function." (Constitutional questions of the validity of a mandatory special tax act and uniformity do not appear in this case.) See also 62 CJS 352, Municipal Corporations, § 194; 56 AmJur2d 178, Municipal Corporations, § 123.

Appellee argues that the constitutional provision authorizing the General Assembly to delegate its power of taxation to a county or city, by implication, denies to the General Assembly, the power to impose such duty of taxation on a county or city. We do not agree.

We recognize the principle asserted by appellee that, "A [constitutional] provision which expressly prescribes the manner of doing a particular thing is exclusive in that regard and impliedly prohibits performance in a substantially different manner." *Jones v. Fortson,* 223 Ga. 7, 13 (152 SE2d 847). However, the constitutional provision which states, "The General Assembly is authorized to provide by law for the self government of municipalities . . ." (Const., Art. XV, Sec. I, Par. I; Code Ann. § 2-8301) does not come within this principle so as to impliedly restrict the General Assembly in directing local taxation for at least two reasons. First, the constitutional provision is merely permissive, and second, it relates to the delegation of power and not to the exercise of power. We reach the same conclusion as to the General Assembly's right to delegate its power of taxation to counties. Const., Art. VII, Sec. IV, Par. I (Code Ann. § 2-5701).

2. Under the principles announced in Division 1 of this opinion we must determine whether the tax in the instant case is a tax levied by the General Assembly or is a tax levied by the local governments through a delegation of power by the General Assembly. This is necessary because the constitutional limitations, such as those relating to uniformity and purpose of taxation, upon the power of the General Assembly to levy a tax are different from such limitations upon the General Assembly's authority to delegate its taxing power to local governments.

The provisions of the "Uniform Beer Tax Act" under consideration here state: "Municipalities and counties permitting the sale of malt beverages and hereby directed to impose an excise tax, . . . of not less than three and one-half cents (3.5¢) nor more than five cents (5¢) for 12 ounces. . ." There is no delegation of power to levy this tax. There is no discretion vested in the local governments. By authority and direction of the General Assembly the affected local governments must levy the tax. The General Assembly has exercised its power over subordinate political subdivisions. It has exercised its power to tax by directing the local officials to impose the tax. Although the tax rate is fixed by the local governments within the limits set by the General Assembly and although the taxes are received into the local treasuries, the tax is imposed by Act of the General Assembly. The tax is, therefore, a state levy for local purposes.

3. Art. VII, Sec. I, Par. III of the Georgia Constitution (Code Ann. § 2-5403) declares: "All taxation shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax." We have concluded that the State of Georgia is the authority levying the "Uniform Beer Tax." It follows that the tax lacks uniformity because the act does not prescribe a like tax upon the same class of subjects affected by the act within the state. On the contrary the act delegates the authority to fix the tax within limitations to the local governments. This permits the tax rate to vary between local governments and consequently is not uniform. *Ewing v. Wright,* 159 Ga. 303 (125 SE2d 445). This is not a question of classification. Here we have only one class of subjects, namely, beer wholesalers. See *Wright v. Hirsch,* 155 Ga. 229, 241 (116 SE2d 795). There are no territorial classifications in the Act which would render the tax uniform.

4. The trial court did not decide, nor do we, the questions of whether the "Uniform Beer Tax Act" violates the "Home Rule" provisions of the Georgia Constitution or violates Art. VII, Sec. I, Par. III of the Georgia Constitution (Code Ann. § 2-5403) which states, "All taxes shall be levied and collected under general laws and for public purposes only." See Const., Art. VII, Sec. II, Par. I (Code Ann. § 2-5501); *Mayes v. Daniel,* 186 Ga. 345, 356 (198 SE2d 535).

5. Do the citizens of the City of Arcade have standing to raise the issues made in this case? The principle issue raised by appellees is whether the General Assembly has authority to direct the imposition of local taxes for local purposes. It has been said often

that the power to tax is the power to destroy. In our opinion the citizens of a municipality have both a personal and property interest in maintaining the power to tax for municipal purposes in their local municipal governments where they as local citizens elect the officials who exercise this awesome power. The appellees here as citizens of the City of Arcade have challenged the constitutional right of the General Assembly to direct the imposition of a local tax upon the basis that this power is vested exclusively in their local government. There is more than mere apprehension of such action on the part of the appellees. The act under attack has been adopted and by its terms it is mandatory that the local governments impose the tax. In our opinion the appellees have standing to maintain this action.

*Judgment affirmed. All the Justices concur, except Ingram, J., who dissents from the ruling made in Division 3 and from the judgment of affirmance.*

ARGUED SEPTEMBER 11, 1973 — DECIDED OCTOBER 26, 1973 — REHEARING DENIED NOVEMBER 8, 1973.

*Arthur K. Bolton, Attorney General, Richard L. Chambers, Assistant Attorney General,* for appellant.

*Robinson, Buice, Harben & Strickland, Sam S. Harben, Jr., Jack Davidson,* for appellees.

*Melton, McKenna & House, Lefkoff & Hanes,* amicus curiae.

INGRAM, Justice, dissenting. I respectfully dissent to the majority opinion as I regard this statute, when properly construed, to require a local levy for local purposes. Each city and county, allowing the sale of malt beverages, is free, within the limits of the statute, to set its own rate. Not a dime of the tax yield which flows into local coffers from the levy goes to the state. Consequently, the tax need not be uniform throughout the state. The Constitution requires only that it be uniform within the territory of the city or county. It meets this test and ought not to be overturned by this court. See *Hawes v. Connor,* 224 Ga. 567, 568 (163 SE2d 724); *Fulton County Homes Owners Assn. v. Abbott,* 230 Ga. 307, 308 (196 SE2d 886).