13624

McCOY v. STATE HIGHWAY DEPARTMENT OF SOUTH CAROLINA

(169 S. E., 174)

438

October, 1931.

*Messrs. John M. Daniel, Attorney General, J. Ivey Humphrey* and *J. Ingram Wilson, Assistants Attorney General* and *M. W. Pyatt,* for appellant,

*Messrs. H. L. Smith* and *A. C. Hinds,* for respondent,

April 14, 1933.

The opinion of the Court was delivered by Mr. Justice Bonham.

August 3, 1931, an excursion party of colored people left Andrews, S. C., for a day's outing at a resort on Cooper River near Charleston, S. C. They traveled in five school buses, engaged for the purpose. One of them was owned by Mr. Warren Newton, and was driven by his son, Olin Newton, a young man twenty years of age. Warren Newton went along with the party and rode on the front seat of the bus with the driver. The route from Andrews to Charleston is by Georgetown, where the traffic joins Highway No. 40 of the State highway system. This route crosses Sampit River at Georgetown over a bridge in which there is a span to be opened on signal for the passage of boats; such a bridge is usually designated a drawbridge.

Returning that same night, the Newton truck, or bus, in which were some 23 persons, all negroes, except Warren and Olin Newton, was driven upon the bridge at Sampit River while the draw was open, was plunged into the river, and all of its occupants drowned, except Jerome Fraser, a colored youth.

Among those who thus lost their lives was Alafair Mc-Coy, a colored girl ten years of age. This action was brought by her father, Gady McCoy, as administrator of her estate, to recover the sum of $4,000.00 from the defendant, the State Highway Department, for the alleged wrongful death of the girl. The action is predicated upon charges of negligence, and defects in the construction and repair of the highway and bridge in the particulars set out in the complaint. The complaint was served upon the defendant the 10th day of October, 1931. On the 30th day of October defendant served upon plaintiff's attorneys a demurrer to the complaint, which was heard by Judge Mann on the 23d day of November, 1931, and by him overruled in an order filed November 27, 1931. The defendant then served its answer December 16, 1931. Prior to January 5, 1932, plaintiff's attorneys mailed to the office of the Attorney General of the State, who, by his assistant, had appeared for the defendant in the matter of the demurrer, the original and a copy of an amended complaint. The Attorney General January 5, 1932, returned the original of the amended complaint with this indorsement: "Without waiving any rights, receipt of the within proposed amended complaint is acknowledged on the 5th day of January, 1932, but the right to amend the complaint is specifically denied and nothing is waived by this acknowledgment."

The case came on for hearing by Judge Johnson and a jury at the February, 1932, term of the Court for Georgetown County, and plaintiff had a verdict for $2,000.00.

When the case was called for trial, attention was called by plaintiff's attorneys to the indorsement on the amended complaint and defendant's attorney objected to the amended complaint on the ground that it was not served in proper time and that plaintiff could not amend without consent, or the permission of the Court. After considerable argument and colloquy, the Judge permitted the amended complaint to be read to the jury, and the trial proceeded.

From the judgment entered on the verdict defendant has appealed on numerous exceptions. Among them is an exception to the order of Judge Mann overruling the demurrer. No notice of intention to appeal from this order was served within ten days after it was filed, and the respondent now makes the point that the order, for that reason, is not reviewable. This contention is without merit. The order was intermediate, involving the merits of the case, and the fact that no such notice was given cannot affect the right of this Court, under Section 777 of the Code of 1932, to review such intermediate order on appeal from final judgment. See *Hyatt v. McBurney*, 17 S. C., 143; *Lee v. Fowler*, 19 S. C., 607; *Thatcher & Co. v. Massey*, 20 S. C., 547; *McCrady v. Jones*, 36 S. C., 136, 15 S. E., 430; *Morgan v. Smith*, 59 S. C., 49, 37 S. E., 43.

The demurrer in general terms alleges that there is no statute authorizing a suit against the State Highway Department, an agency of the State, for the acts alleged in the complaint. Nothing in the record amplifies this simple statement. Judge Mann in his order overruling the demurrer said: "Full arguments were made for and against the demurrer. It was contended by the defendant the defects and acts of negligent repair specified in the complaint taken as a whole do not bring the case within the purview of the statute imposing liability upon the State Highway Department for injury and damages resulting from the defects in or negligent repair of any State highway. Some of the specifications may give rise to interesting speculations, but the others allege defects and acts of negligence, which, if proved, unquestionably subject the defendant to liability for which reason the allegations bring the case within the range of the statute." We concur in this view. The demurrer was properly overruled. The Act of May 8, 1931 (37 St. at Large, p. 337), amending the Act of March 10, 1928 (35 St. at Large, p. 2055), is authority for the maintenance of the action.

Defendant holds that it was error for the Circuit Judge to permit the case to go to trial on the amended complaint because it was not served within twenty days after the demurrer was served. Judge Mann in the order overruling the demurrer to the complaint said: "The defendant also criticized the complaint in that it does not set forth the names of all the heirs at law of the deceased."

Defendant made no motion to make the complaint more definite and certain, nor was there any motion to dismiss the amended complaint. Indeed, the whole proceeding thereabout was most informal, and it does not appear that the Court made any definite ruling on it, but he did permit the reading of the amended complaint. Defendant is scarcely in position to object to the amended complaint. It invited it, asked for it, in the argument to the demurrer. It was in no way misled nor prejudiced by the amendment. It did not affect any substantial right of appellant.

"The Court shall, in every stage of action, disregard any error or defect in the pleadings * * * which shall not affect the substantial rights of the adverse party." Section 497, Code Civ. Proc. 1932.

The objection to the amended complaint is without merit. The original complaint was served October 10, 1931; the defendant's demurrer was served October 30, 1931. It was heard November 23, 1931, and the order overruling it was filed November 27. The defendant served its answer December 16, 1931, and plaintiff served the amended complaint January 5, 1932, within twenty days after the service of the answer.

"Any pleading may be once amended by the party of course, without costs, and without prejudice to the proceedings already had, at any time within twenty days after it is served, or at any time before the period for answering it expires; *or it can be so amended at any time within twenty days after the service of the answer or demurrer. * * *"* (Italics added.) Section 493, Code Civ. Proc. 1932. See,

also, *Fogel v. McDonald,* 159 S. C., 506, 157 S. E., 830; *Mallard Lumber Co. v. Carolina P. C. Co.,* 134 S. C., 228, 132 S. E., 614; *McEachern v. Wilson,* 154 S. C., 201, 151 S. E., 472.

There are twenty-four exceptions; one of them relates to the order of Judge Mann in overruling the demurrer. This has been hereinabove disposed of. The others are grouped by appellants' attorneys in their brief under five questions, which arrangement we will adopt in our consideration of the appeal.

The first question imputes error to the trial Judge for refusing to direct a verdict for defendant on the grounds: That there was no evidence of negligence on the part of defendant, or that the highway was not in a reasonably safe condition for travel. Second question: That the evidence shows conclusively that the negligence of the driver of the truck was the sole proximate cause of the injury. We will treat these two questions together.

We have read the voluminous record in this case, containing more than 400 printed pages of testimony, with painstaking care and interest. It is patent that there was adduced at the trial evidence *pro* and *con* the issues which had been held to state a cause of action, which made it the duty of the Judge to submit the case to the jury. There is no merit in this contention.

We have already disposed of the third question, which charges error for overruling the demurrer.

Section 5887, Code 1932, and Act of 1931 expressly authorized the bringing of such actions as this. The title to this Act is: "An Act to Amend an Act Entitled 'An Act to Permit the State Highway Department to be Sued and Naming the Conditions Under Which Suit may be Instituted,' " etc. Section 3¼ of the Act is in these words: "Wherever the death of a person shall be caused by reason of a defect in any State Highway, or by reason of the negligent repair of any State Highway, or by reason of the

negligent operation of any vehicle, or motor vehicle in charge of the State Highway Department while said vehicle or motor vehicle is actually engaged in the construction or repair of any of said highways under such circumstances and conditions as would have entitled the party to recover damages under the terms of this Act, if death had not ensued, then in every such case the right of action for such injury and death shall survive to and may be enforced by the personal representative of such person in the same manner as is now provided by the Code of Civil Procedure, Volume I, 1922, for actions by administrators and executors, where death results from personal injuries; and the provisions of said Code shall be applicable to all such actions."

Defendant's objection is that this action is brought under Lord Campbell's Act as well as under the statute, and that the two causes cannot be united in one action. The language of the complaint, the filing of the claim with the highway commission before the commencement of the action, make it manifest that it is brought under the Act of 1931. The allegations of the complaint are in strict accord with the provisions of Section 368 of the Code of Civil Procedure 1922 (Code 1932, § 412), to which the Act of 1931 refers.

The exceptions covering this ground cannot be sustained.

The fourth question suggests error in refusing and modifying appellant's requests to charge, viz., Exceptions 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, 19, 20, 21.

The record discloses that only eighteen, instead of twenty-one, requests to charge were presented on the main trial. It shows also that an exception was filed to the order of Judge Johnson settling the transcript of record on appeal.

This exception was not called to the attention of the Court in argument, nor is it included in and discussed by appellant's brief. It is presumed to have been abandoned.

Appellant's counsel confine their argument of this ■ question, relating to the requests to charge, to the disposition made by the trial Judge of defendant's eighth, ninth, tenth, eleventh, and thirteenth requests.

The charge in this case was an exceptionally clear and comprehensive one. It expressly charged the rule of conduct prescribed by the eighth request of defendant. It was needless to repeat it time and again, "The moral insisted upon, loses its effect."

Requests 9, 10, and 11 were properly refused. If the ■ requests had been charged as presented the Judge would have charged upon the facts in the teeth of the constitutional provision (Article 5, § 26), which forbids him to do so.

The thirteenth request was properly refused. The Court could not say that the facts set out in the request constituted negligence as a matter of law.

The fifth question presents a matter which is novel in its nature and upon which there is no precedent to guide us.

It will be remembered that the tragedy which gave rise to this action occurred August 3, 1931; action was begun October 10, 1931; and judgment obtained the 17th day of February, 1932. At the 1932 Session of the General Assembly an Act was passed (Act March 24, 1932 [37 St. at Large, p. 1284]) which was entitled: "An Act to Further Define the Duties and Responsibilities of the State Highway Department, its Officers and Agents, in Reducing the Hazards of Travel on State Highways and to Provide Penalties for Violations." This Act was approved March 24, 1932, a month after judgment was obtained in this suit. Appellants now invoke this Act as a bar to recovery in this action. Its provisions pertinent to this discussion are contained in the second section: "Any officer, agent, or employee of the State Highway Department who shall negligently fail to erect, or cause to be erected, and maintain, or cause to be maintained,

such warning and caution signs as in the discretion of the said Department may be necessary to safeguard travel over and along State Highways shall be deemed guilty of a misdemeanor and upon conviction thereof shall be subject to a fine of not more than Two Hundred ($200.00) Dollars or to imprisonment for not exceeding ninety (90) days, either or both at the discretion of the Court, for each offense, provided that in no case shall negligence be imputed where warning and caution signs have been erected and maintained along the highways or bridges pursuant to the discretion of the State Highway Department as herein authorized, and provided, further, that the State Highway Department shall not be liable for injuries or damages to persons or property resulting from alleged negligence of its officers, agents, or employees, unless and until the person or persons responsible for such negligence shall first have been convicted; provided, further, That in no event shall the State Highway Department be liable on account of injuries or damages to persons or property allegedly attributable to the design, construction, maintenance, or marking of any highway including the bridges thereon, where the same shall conform to any standard of practice heretofore or hereafter adopted by the said Department nor in any case where the said Department has or shall have exercised its best judgment in handling any matter within its discretion."

The appellant contends that: "The defendant, having exercised its best judgment in the construction of the highway and bridge in question and in the erection of warning signs and barriers, which, in its best judgment were adequate for the protection of the traveling public, all being matters within its discretion, and there being no evidence that the employees or agents of the Highway Department, through whose alleged negligence plaintiff's intestate was drowned, have been tried and convicted of such negligence, as required by the terms of Act No. 717, page 1284, Acts 1932, is not liable for plaintiff's damages."

In other words, the contention is that the mere passage of the Act destroys plaintiff's right to recover in this case. This must be the contention because the Act was not in being when the trial was had; the pleadings contain no such issues as are suggested by it. Therefore the testimony was not addressed to the propositions which would necessarily arise under the Act. We cannot accept the idea that it was the intention of the Legislature to clothe the highway department with such unlimited power and authority. If it did so intend, then all Acts which give to one suffering injury or damage to person or property on a State highway through defects in the highway or through the negligence of any employee, agent, or officer of the State Highway Department may as well be repealed, because under this Act of 1932 no verdict will ever be obtained in any such action against it. But we are not now considering that phase of the question.

Appellant argues that by the terms of this Act plaintiff's right to maintain his action is destroyed, and relies in support of its argument on the utterances of this Court in the cases of *United States Casualty Co. v. State Highway Department*, 155 S. C., 77, 151 S. E., 887, and *Bynum v. State Highway Dept.*, 156 S. C., 232, 153 S. E., 165, which in effect hold that the right to sue the State being purely statutory may be withdrawn or modified by the State whenever it sees fit, even though pending suits may be thereby defeated. With this declaration of the law we have no contest. Our contest is that the Act of 1932 does not apply to this action. It is patent that it cannot have a retroactive effect for it is not so stated in the Act itself. On the contrary, the title of the Act destroys such presumption, viz.: "An Act to Further Define the Duties and Responsibilities. * * *" Clearly this language applies to prospective actions, not retrospective. Nor is it necessarily implied from the language of the Act. Nowhere has the rule governing the construction of Acts in this particular been more

clearly stated than by that great jurist, the late Chief Justice McIver, in the case of *Curtis v. Renneker*, 34 S. C., 468, 13 S. E., 664, 671, when he said: "The rule that a statute will never be given such a construction unless it is required by the express words of the statute or must necessarily be implied from such words, is too well settled to need the citation of any authority to support it."

There is another reason why the statute cannot have ▮▮ a retroactive effect. It is a criminal statute. It makes that a crime which was not a crime before its enactment. If applied to this action it would be in violation of Section 8, Article 1, of the Constitution of 1895, which declares that no *ex post facto* law shall be passed. An *ex post facto* law is one that has a retroactive effect. Webster's New International Dictionary gives this definition of *ex post facto*: "Done or made after a thing but retroacting upon it; retrospective: *ex post facto* law; in a general sense any law, civil or criminal, enacted with a retrospective effect: * * * Such laws are prohibited by Art. 1, Sec. 9, Par. 3 of the Constitution [of the United States], and it has been decided that this prohibition cannot be evaded by giving a civil form to provisions which are in substance criminal. * * * One of the early Justices (Samuel Chase) * * * has classed *ex post facto* laws as follows: '1. Every law that makes an action done before the passing of the law, and, which was innocent when done, criminal, and punishes such action.' "

The Act of 1932, under review, if retroactive, falls directly within the terms of this definition of *ex post facto* law. Before its passage the negligence of the officers, agents, or employees of the highway department in and about the construction and repair of highways and bridges was not a crime; this Act makes it a crime.

Again, the Act does not apply to this action for the ▮ reason that by its very terms it relates to actions for injury or damages to person or property, whereas

this is an action for wrongfully and negligently causing the death of plaintiff's intestate.

The Act of 1925 which first gave a right of action against the State Highway Department confined the right to actions for injuries or damages to person or property. It was distinctly held that that Act was not authority for actions for injuries or damages resulting in death. In *Randal v. State Highway Department,* 150 S. C., 302, 148 S. E., 57, 58, the identical question at issue was decided. Randal was killed while at work on the highway. Judge Johnson sustained a demurrer to the complaint. We take this from his order sustaining the demurrer, which order was adopted as the judgment of this Court:

"Does Act No. 189 of the Acts of 1925, amending Section 2948, Volume 3, Code of 1922, imposing [impose?] liability upon the State Highway Department for the death of a person 'through a defect or negligent repair of any road, causeway, ferry or bridge under the control and supervision of the State Highway Department of South Carolina,' or is the liability created by such Act restricted to 'injury or damage to person or property?' * * *

"In this State neither the commonwealth, nor any of its political subdivisions, is liable in action *ex delicto* unless made liable by express enactments of the General Assembly, except where the Acts complained of, in effect, constituted a taking of private property for public use without just compensation." Citing authorities.

After reviewing the legislation on the subject as finally embodied in the Code of 1922, the order of Judge Johnson continues:

"Since no effort was made to create a liability of any kind against the *state* for injuries occasioned by defective highways under its control until the year 1925, and in view of the decision in *All v. Barnwell County, supra, it is significant that such liability was imposed by an amendment of*

*Section 2948 of the Code, rather than by an amendment of both Sections 2948 and 2950.*

"Section 2948 created liability for 'bodily injury' or *damage to the person*. Section 2950 created liability for 'death,' and yet the General Assembly, in imposing liability upon the State Highway Department, did so by amendment to the former section and by way of a 'Proviso' thereto, in language showing clearly that its purpose was to establish liability only for 'injury or damage to person' rather than liability for 'death.' When it saw fit to impose liability for 'death' upon (1) *Counties* and (2) Municipalities it spoke in no uncertain terms by the Act of 1903, now Sec. 2950, and it would have been a simple matter to have included 'death' in the Act of 1925, if it had intended to create a liability for death."

This order was approved by the Supreme Court and adopted as its judgment.

When the General Assembly concluded to give a right of action against the State Highway Department for the death of one through the negligence of the highway department, it did so "in no uncertain terms" by the Act of 1931. Now the Act of 1932 (Section 2) which appellant seeks to interpose as a bar to this action expressly limits the application to "injuries or damages to persons or property." It is plain that the Act cannot apply to this action which is one of those denominated a death claim.

The natural and necessary interpretation of the Act ██ is that it gives to the highway department, when suit is brought against it for injuries or damage of person or property through the negligence of its employees, agents, or officers, the right to defend itself by pleading and proving by competent testimony that such warning and caution signs as in its discretion are necessary have been erected and maintained, and that the same conform to the standard adopted by the department, and that "the Department has exercised its best judgment in handling the matter within its

discretion." But the mere assertion of these things does not give the department immunity from suit and liability. They must be pleaded and proved.

All exceptions are overruled, and the judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER concur.