180 So. 300

TURNER et al., Members of State Board of Adjustment, v. LUMBERMENS MUT. INS. CO. et al.

3 Div. 239.

Supreme Court of Alabama.

Feb. 24, 1938.

Rehearing Denied April 21, 1938.

A. A. Carmichael, Atty. Gen., Silas C. Garrett, III, Asst. Atty. Gen., and Files Crenshaw, Jr., Sp. Atty., for State Board of Adjustment, of Montgomery, for appellants.

James S. Edson, of Birmingham, and Jas. S. Parrish, of Montgomery, for appellees.

634

THOMAS, Justice.

· The case was begun by petition for mandamus by several insurance companies against the members of the State Board of Adjustment. It sought to require the board to take jurisdiction, hear, and determine the merits of the petition filed before that board.

The Attorney General filed motion to be permitted to appear and defend for the state, which was granted, and the state thereby appeared and was represented by counsel.

To the petition for mandamus is exhibited the petition of the several insurance companies filed before the State Board of Adjustment on February 23, 1937, seeking reimbursement through that board for the amount which they had paid to the Ewell Lumber Company as the amount of damages sustained by said company as the result of a fire which destroyed the lumber yard of the said company, pursuant to the terms of policies of insurance which the Ewell Lumber Company held with said companies, which said policies insured the Ewell Company against damages to its properties, including the lumber yard, resulting from fire. The petition alleges that the lumber yard of the Ewell Lumber Company located at Ewell, Ala., was destroyed by fire on the 20th day of June, 1933, and that the fire which destroyed the lumber yard was caused by the negligence of the State Highway Department of the state of Alabama; that the amount of damages sustained by the Ewell Lumber Company as a result of the fire was $13,500, which the petitioners paid in the respective amounts set out in the petition, pursuant to the terms of the respective policies which the Ewell Lumber Company had with them. Photostatic copies of the respective checks issued to the Ewell Lumber Company by the respective insurance companies were attached to the petition. The petitioners then allege that they are subrogated to the rights which the Ewell Lumber Company had, both by operation of law and under the terms of their policies, and that they are, therefore, entitled to reimbursement of the amount claimed from the state of Alabama, since the loss sustained by the Ewell Lumber Company, which they had insured and which they paid in the respective amounts claimed, was caused by the negligence of the State Highway Department of the state of Alabama.

The transcript shows, as an exhibit to the petition for mandamus, the motion filed with the State Board of Adjustment by the State Highway Department of Alabama, and the state of Alabama, acting through the Attorney General, moved that said board dismiss the petition because the said board was without power and authority to hear and consider the same; because the said board had no jurisdiction to hear and consider the same; because it was not the intention of the Legislature in creating said board to provide a method whereby an insurance company could secure reimbursement from the state of Alabama for money paid out by it pursuant to a risk or hazard which it had assumed for the payment of the premium required by it for the assumption of such risk or hazard; because the intention of the Legislature in creating said board was only to provide a method by which persons injured by the state of Alabama or any of its departments, institutions, bureaus, boards, commissions, or agencies, who could not get recourse through the courts of the state, could be compensated for such injuries; because the act creating the said board and the act amending said act made no provision whatever for a person or corporation such as an insurance company to be subrogated to the privilege, so far as filing a claim before the State Board of Adjustment is concerned, of a person who was injured by the state of Alabama or any of its departments, institutions, bureaus, boards, commissions, or agencies, which said person or corporation had, pursuant to a contract previously entered into by it with the said injured party, for which it had been paid according to the terms of its contract, had compensated the injured party for the injury sustained by him; because the claim was not brought in the name of the alleged injured party; and because the claim was brought in the name of a party who was not injured by the state of Alabama or any of its departments, institutions, bureaus, boards, commissions, or agencies.

On this motion there was a finding or decree of the State Board of Adjustment to the effect that the motion of the Attorney General was well taken and that the board was without jurisdiction to hear and consider petitioners' claims, and the petition and claim were dismissed for lack of jurisdiction in the board to hear and determine the matter presented by the petition.

The state of Alabama, through its attorney general, and the several members of the State Board of Adjustment, respectively, demurred to the petition directed to the judge of the circuit court on many grounds, and to the effect as stated in the motion to dismiss made before the State Board of Adjustment. Pertinent grounds of demurrer to appellees' petition for mandamus are thus stated:

"For that it is apparent from the provisions of the Act creating the State Board of Adjustment that it was the intention of the Legislature, in creating said Board, only to provide a method by which persons injured by the State of Alabama or any of its departments, institutions, bureaus, boards, commissions or agencies who could not get recourse through the courts of the State, could be compensated for such injuries.

"That the Act creating the State Board of Adjustment and the Act amending said Act made no provision whatever for a person or corporation such as an insurance company to be subrogated to the privilege, so far as filing a claim before the State Board of Adjustment is concerned, of a person who was injured by the State of Alabama or any of its departments, institutions, bureaus, boards, commissions or agencies, which said person or corporation had, pursuant to a contract previously entered into by it with the said injured party for which it had been paid according to the terms of its contract, compensated the injured party for the injuries sustained by him. * * *

"For that it affirmatively appears from the allegations of the petition that the alleged injured party at the time of the injury had neither a privilege nor right against the State of Alabama to which this petitioner could have been subrogated upon the payment of the moneys to the alleged injured party which petitioner alleges it paid pursuant to the terms of the contract which it had with the alleged injured party.

"For that it affirmatively appears from the allegations of the petition that at the time the petitioner entered into the contract with the Ewell Lumber Company pursuant to the terms of which it paid the amount alleged in said petition, at the time of the alleged injury to the Ewell Lumber Company for which the moneys were paid, and at the time of the payment of said moneys by the petitioner to the alleged injured party, the alleged injured company had neither a privilege nor right to seek reimbursement for such injury from the State of Alabama.

"For that it affirmatively appears from the allegations of the petition that at the time the petitioner entered into the contract with the Ewell Lumber Company pursuant to the terms of which it paid the amount alleged in said petition, at the time of the alleged injury to the Ewell Lumber Company for which the moneys were paid, and at the time of the payment of said moneys by the petitioner to the alleged injured party, the alleged injured company had neither a privilege nor right to seek reimbursement for such injury from the State of Alabama to which the petitioner could have been subrogated."

The trial court overruled the demurrers to the amended petition and entered an order for peremptory writ of mandamus to parties respondent, and required the State Board of Adjustment to take jurisdiction of and hear the petition, which said petition was filed with said Board of Adjustment on the 23d of February, 1937. Whereupon, Howell Turner, John Brandon, and Chas. W. Lee, as members of the State Board of Adjustment, respondents in the above-entitled cause, and the state of Alabama, intervener, prayed an appeal to the Supreme Court of Alabama from the judgment entered against them in said cause on, to wit, October 5, 1937.

The errors assigned challenge the action of the trial court in overruling demurrers to appellee's petition and awarding the writ of mandamus, and for entering its final judgment awarding peremptory writ of mandamus against the appellant, the State Board of Adjustment, constituted as above indicated.

To an understanding of the case it will be noted that prior to the enactment of the statute creating the instant board, the right to sue the state for injury caused by its agencies did not exist, nor was the right or privilege given for filing a claim against the state for such injury. Constitution 1901, § 14.

■ The statute in question did not create a right, but granted a privilege in the exact terms stated. And the State Board of Adjustment, so set up, was of limited jurisdiction and powers, and may exercise only the jurisdiction and powers conferred by the said statute, which is set out in Lee, State Comptroller v. Cunningham, 234 Ala. 639, 176 So. 477; John E. Ballenger Const.

636

Co. v. State Board of Adjustment et al., 234 Ala. 377, 175 So. 387; Dunn Construction Co., Inc., v. State Board of Adjustment et al., 234 Ala. 372, 175 So. 383.

 We come to consider the acts creating the State Board of Adjustment, defining its jurisdiction and powers, General Acts 1935, p. 1164, and the amendatory act, not here material, Gen.Acts, 1936–37, Sp.Sess. p. 205. It is noted that no provision is contained therein for a right of subrogation. That is, strictly construed, as this statute must be, it does not provide for one subrogated to the right of another who has been injured by the state, by reason of having paid the loss caused by the injury pursuant to contract liability to the injured party so. to do. The petitioners' liability arose from the contract, and not from the remote case or act of state agents or agency. This is supported by the case of United States Casualty Co. v. State Highway Department of South Carolina, 155 S.C. 77, 151 S.E. 887, 888, where it is observed: "Surety company, after settling with insured under terms of policy for injuries received, due to defects in state highway, could not sue state highway department on theory that it was subrogated to rights of insured, since Act March 10, 1928 (35 St. at Large, p. 2055, § 1) limits right to sue highway department to 'person, firm or corporation who may suffer injury to his or her person or damage to his, her or its property,' and does not provide that assignee of person suffering damage to property may sue."

See, also, American Mut. Liability Ins. Co. of Boston v. State Highway Commission, 146 Kan. 239, 69 P.2d 1091.

The effect of the decision in the case of American Mut. Liability Ins. Co. of Boston v. State Highway Commission, supra, is that a legislative act granting to certain persons the privilege of suing the state and presenting and prosecuting claims against the state in certain causes of action will not be enlarged by judicial interpretation to permit suits and prosecution of claims by other persons, or on other causes of action. That is to say, when the state grants the privilege for a certain class of persons to prosecute claims against certain state agencies, the statute granting such privilege must be strictly construed and so as not to enlarge the privilege granted as to parties or to causes of action for injury.

In this connection we may observe that a subrogated agency has only the right which the party had into whose shoes he is subrogated when the claim is paid. American Bonding Co. of Baltimore v. Fourth Nat. Bank of Montgomery, 205 Ala. 652, 88 So. 838; United States Fidelity & Guaranty Co. v. First Nat. Bank, etc., 224 Ala. 375, 380, 140 So. 755; Sheldon on Subrogation, 2d Series, p. 8, § 6.

We are of the opinion and hold that the lack of jurisdiction to hear and determine the matter is disclosed on the face of the petition, aided by exhibits, Grimsley v. First Ave. Coal & Lumber Co., 217 Ala. 159, 115 So. 90, and was duly challenged by demurrer.

There was error in the ruling of the trial court, and the judgment is reversed, and judgment here rendered dismissing the petition.

Reversed and rendered.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.