187 So. 868

**CALHOUN COUNTY v. BRANDON et al.**

3 Div. 292.

Supreme Court of Alabama.

April 6, 1939.

Merrill & Merrill and R. E. Jones, all of Anniston, for appellant.

Files Crenshaw, Sp. Atty. for Board of Adjustment, of Montgomery, Thos. S. Lawson, Atty. Gen., and Silas C. Garrett, III, Asst. Atty. Gen., for appellees.

THOMAS, Justice.

The petition is for mandamus directed to John Brandon et als., as parties who constitute the State Board of Adjustment, to vacate an order declining to examine and allow a claim of Calhoun County, Alabama, for alleged wrongful payment of per diem and expenses of Assistant State Examiners Chandler and Edgar, in the examination of the accounts of Allen, as County Superintendent of Education, and Stanley, as Custodian of "School Funds."

The circuit court denied the mandamus, and the county appeals from that judgment.

The determination of this case requires a construction of the Act of March 1, 1937 (General Acts Alabama, Extra Session, 1936–1937, p. 205), under which the claim was filed. Said act reads, in part, as follows:

"The said Board of Adjustment shall have power and it shall be its duty to hear and consider all claims for damages *to the persons* or property growing out of any injury done to either persons or property by any of the agencies of the State of Alabama; also, all claims for personal injuries or death of *any employee of the State of Alabama, or its agencies, commissions, boards, institutions or departments* arising out of the course of his or her employment, or sustained while engaged in the business of the State of Alabama or any of its

agencies, commissioners, boards, institutions or departments; * * * Said Board of Adjustment is also empowered and it shall be its duty to hear and consider all claims against the State of Alabama arising out of any contract, express or implied, to which the State or any of its agencies, commissions, boards, institutions or departments are parties, where there is claimed a legal or moral obligation resting on the State to make payment; also, all claims for money overpaid on obligations due the State; also, all claims for underpayment by the State to parties having dealings with the State; also, all claims for money or property alleged to have wrongfully escheated to the State; also, *all claims for money voluntarily paid to the State where no legal liability existed to make such payment.* The claims hereinabove enumerated are subject to all the limitations herein set forth. * * Provided, that employees of counties, municipalities and governmental relief agencies are not to be considered employees of the State of Alabama or of any agency, commission, board, institution or department thereof, within the jurisdiction of the Board, and within the meaning of the word 'employees' as used herein. * * *." (Italics supplied.)

The Act of September 14, 1935 (Gen. Acts Ala.1935, p. 1164), to which the foregoing is an amendment, is similar to the Act of 1937, the latter Act being an amendment to Section 2 of the 1935 Act. Hence our constructions of the former act are important to this decision.

The earlier decisions touching this statute are collected in Turner et al. v. Lumbermens Mut. Ins. Co., 235 Ala. 632, 180 So. 300, and are not of the class of persons or claims as presented in this petition. It was there declared (1) that the act creating the State Board of Adjustment to hear claims against the State *did not create a right* but granted a privilege in the exact terms stated in the statute; (2) that the jurisdiction of the board was limited and so was its powers; (3) that this statute giving the jurisdiction and power to hear claims against the state must be strictly construed.

In State v. Tuscaloosa County et al., 233 Ala. 611, 172 So. 892, it was declared: "County held not required to reimburse state for expenses incurred in auditing accounts of county superintendent of education and county treasurer of school funds, since public school funds, as between coun-

ty and state, are state funds and county, through its governing body, has no interest in nor control over such funds (Code 1923, §§ 181, 735, 736, subd. 2, 739, 741, 749; Gen.Acts 1933, Ex.Sess. p. 203, § 2; pp. 114, 128; School Code 1927, §§ 86, 94, 95, 138; Gen.Acts 1931, p. 604; Gen.Acts 1932, Ex.Sess. p. 38; Const.1901, §§ 256, 260, 262)."

■ Under the last cited decision, the county was declared to be under no liability for payment of such fees and expenses of examiners touching such funds. The present petition makes a case of payment by the county to the state of $945.14, where there was no liability. This action of the county was within the provisions of the statute as a claim "for money overpaid on obligations due the State," or a claim "for money voluntarily paid to the State where no legal liability existed to make such payment."

Was, then, the erroneous payment to the state *by a "person" or "party"* within the provisions of and for whose benefit Section 2 of the Act was enacted? That is, was the erroneous payment by a "person" to whom the "privilege" was granted of presenting a claim and having it passed upon by the expeditious process of the said State Board of Adjustment? Upon the hearing of this claim, the board ruled that it possessed no such jurisdiction and power.

■■ The word person as used in the statutes has been declared to include a corporation as well as a natural person. Code 1923, § 1. A county is declared to be an involuntary body corporate—an arm of the state (not like a voluntary corporation or municipality, such as a city). A county is given the right to sue and be sued, as are individuals. Code, § 181; Constitution, §§ 240 and 241.

■ It has been declared by this and the United States Courts that a county is included in the statutes of Alabama which refer to the rights of a "person" or "persons." Such has been the construction, unless specifically and duly classified to the contrary. State v. Tuscaloosa County, supra; City of Anniston v. Ivey, 151 Ala. 392, 44 So. 48; Shannon v. Jefferson County, 125 Ala. 384, 27 So. 977; 115 A.L.R. 1287. An interesting discussion of this subject is contained in the case of Metropolitan Railroad Company v. District of Columbia, 132 U.S. 1, 10 S.Ct. 19, 33 L.Ed. 235, wherein

Mr. Justice Bradley wrote the opinion for the court.

■ If it be urged that the jurisdiction and power of the State Board of Adjustment, as affecting the claims of a county, were not intended to be included in the last cited Act of 1936–37 (as indicated in its provisions set out above), a careful consideration of all the provisions of the statute (together with the proviso) supports the view entertained. That is to say, the proviso that employees of counties, municipalities and governmental relief agencies are not to be considered employees of the State of Alabama or of any agency thereof, expressly recognizes, in so far as the Board of Adjustment Act is concerned, that counties have a separate corporate existence—that of a person—who can present claims to the Board of Adjustment under the provisions of the Act and the amendatory Act, from which we have quoted above.

The order of the Board of Adjustment in denying jurisdiction over the claim presented and dismissing it was in error. The petition for mandamus was not subject to the demurrer and the same should have been overruled.

The judgment of the circuit court is reversed and a judgment here rendered overruling the demurrer to the petition for mandamus, and the cause is remanded.

Reversed, rendered and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.