7 So.2d 773

## HAWKINS v. STATE BOARD OF ADJUSTMENT et al.

### 3 Div. 840.

Court of Appeals of Alabama.

Jan. 13, 1942.

Rehearing Denied Feb. 3, 1942.

Reversed on Mandate April 21, 1942.

Alfred T. Gaut, of Sylacauga, for appellant.

Thos. S. Lawson, Atty. Gen., Silas C. Garrett, III, and John W. Vardaman, Asst. Attys. Gen., and Files Crenshaw, Jr., Sp. Atty. State Board of Adjustment, of Montgomery, for appellees.

BRICKEN, Presiding Judge.

This is a mandamus proceeding. It presents the problem whether a County Board of Education is an agency of the State of Alabama within the purview of the Act creating the Board of Adjustment. Code 1940, Tit. 55, § 333 et seq. The relevant portion of the Act, Alabama Code 1940, Title 55, Section 334, reads as follows: "§ 334. Powers and jurisdiction of the board.—The board of adjustment shall have the power and jurisdiction and it shall be its duty to hear and consider all claims for damages to the person or property growing out of any injury done to either the person or property by the State of Alabama or any of its agencies, commissions, boards, institutions or departments; also, all claims for personal injuries or death of any employee of the State of Alabama, or any of its agencies, commissions, boards, institutions or departments arising out of the course of his employment, or sustained while engaged in the business of the State of Alabama or any of its agencies, commissions, boards, institutions or departments; also, all claims for personal injuries or death of any convict; also, all claims of members of the public at large or of officers of the law arising out of injuries sustained while attempting to recapture escaped convicts, which convicts have escaped after they have been placed in the actual custody of the department of corrections and institutions; also, all claims against the State of· Alabama or any of its agencies, commissions, boards, institutions or departments arising out of any contract, express or implied, to which the State of Alabama, or any of its agencies, commissions, boards, institutions or departments are parties, where there is claimed a legal or moral obligation resting on the state; also, all claims for money overpaid on obligations to the State of Alabama, or any of its agencies, commissions, boards, institutions, or departments; also,

all claims for money voluntarily paid to the State of Alabama, or any of its agencies, commissions, boards, institutions or departments, where no legal liability existed to make such payment; also, all claims for underpayment by the State of Alabama, or any of its agencies, commissions, boards, institutions or departments, to parties having dealings with the State of Alabama, or any of its agencies, commissions, boards, institutions or departments; also, all claims for money or property alleged to have wrongfully escheated to the State of Alabama. The jurisdiction of the board of adjustment is specifically limited to the consideration of the claims hereinabove enumerated, and no others. Provided, that nothing contained in this article shall confer upon the board of adjustment any jurisdiction now conferred by law upon the state board of compromise, and nothing contained in this article shall be construed to confer jurisdiction upon the board of adjustment to settle or adjust any matter or claim of which the courts of this state have, or had, jurisdiction. Provided further that the board of adjustment shall have no jurisdiction over claims growing out of forfeitures or of contracts with any state agency, commission, board, institution or department, where, by law or contract, said state agency, commission, board, institution or department is made the final arbiter of any disagreement growing out of forfeitures or of contracts of said state agency, commission, board, institution or department, and, particularly, the board of adjustment shall have no jurisdiction of disagreements arising out of contracts entered into by the highway department. Employees of municipalities, counties, and governmental relief agencies are not to be considered employees of the State of Alabama or of any of its agencies, commissions, boards, institutions or departments, within the jurisdiction of this board, and within the meaning of the word 'employee' as used herein."

On behalf of the appellant it is insisted that "every public school is a state school, created by the state, supported by the state, supervised by the state, through state wide and local agencies, taught by teachers licensed by the state, and employed by agencies of the state." Williams, etc., et al. v. State, etc., et al., 230 Ala. 395, 161 So. 507.

On behalf of appellee it is insisted, "it was not the intention of the legislature to give the Board of Adjustment jurisdiction over claims that might arise against 67

county Boards of Education and an even greater number of City Boards of Education, as well as counties and municipalities."

■ The contentions of the respective parties, as stated, makes it necessary for us to ascertain the legislative intent and in doing so we are limited to the four corners of the Statute, there being no ambiguous phraseology therein.

■■ The Supreme Court of this State has ruled that this Statute must be strictly construed; that its purpose is to confer a privilege rather than create a right. Turner v. Lumbermens Mutual Insurance Co., 235 Ala. 632, 180 So. 300; Dunn Construction Co. v. State Board of Adjustment, 234 Ala. 372, 175 So. 383; Calhoun County v. Brandon, 237 Ala. 537, 187 So. 868.

■■ While a County Board of Education may be regarded as an agency of the State for certain purposes, the opinion here prevails that it was not the intention of the legislature to accord any such comprehensive effect to the language employed in Section 334, supra. In Calhoun County v. Brandon, supra, the ruling was that a county might enter a claim against the State before the State Board of Adjustment. If the county may sue, so to speak, because within the classification of "a person" and entitled to sue, it would seem to logically follow that a county is not an agency of the State within the purview of the Board of Adjustment Act, although a county is a political subdivision of the State. The County Board of Education is a quasi corporation, a governmental agency created by law and endowed with certain rights and powers which are clearly and definitely defined, and being a creature of the Statute it can exercise only those powers which are expressly conferred upon it or necessarily incident thereto. County Board of Education v. Slaughter, 230 Ala. 229, 160 So. 758.

The legislature has not, so far as we have been able to find, made any appropriation for the payment of a claim based upon the negligence of an employee of a County Board of Education. Title 55, Section 341, of the Code of Alabama, 1940, provides that when an award is made by the Board of Adjustment the Comptroller of the State of Alabama shall draw a warrant in payment of the award, but there is no authority for the State Comptroller to draw a warrant on funds held by a County Board of Education, and there is nothing in the Statute that we have been able to find indicative of an intention on the part of the legisla-

ture to make the general funds of the State available for the payment of a claim for damages based on the negligence of an employee of a County Board of Education.

Giving to the Statute the construction that our Supreme Court says must be placed upon it, we are of the opinion that a County Board of Education is not an agency, commission board, institution or department of the State of Alabama within the purview of the Board of Adjustment Act. It follows that the court below was not in error in sustaining the demurrers to the petition and in dismissing the petition when the petitioner declined to plead further.

The judgment appealed from is affirmed.

Affirmed.

PER CURIAM.

Reversed and remanded under provisions of Code 1940, Tit. 13, § 95.