## 16396

### JEFF HUNT MACHINERY CO. v. SOUTH CAROLINA STATE HIGHWAY DEPARTMENT

(60 S. E. (2d) 859)

424

*Messrs. John M. Daniel, Attorney General,* and *T. C. Callison* and *R. Hoke Robinson, Assistant Attorneys General,* of Columbia, and *Sinkler, Gibbs & Simons,* of Charleston, *for Appellant,*

*Messrs. Smythe & Smythe,* of Charleston, *for Respondent,*

August 9, 1950.

Oxner, Justice.

This case is here on the pleadings. The questions involved are:

May a person whose property has been damaged by reason of a defect in a State highway but who has been fully reimbursed for such loss under a policy of insurance, maintain an action against the State Highway Department for the amount of such damage under Section 5887 of the 1942 Code of Laws for South Carolina?

Is the ferry which crosses the Inland Waterway at a point south of Georgetown, known as South Island Ferry, part of a State highway within the contemplation of the section of the Code above mentioned?

Respondent, Jeff Hunt Machinery Company, alleged in its complaint that on or about December 29, 1948, while undertaking to transport a Caterpillar Diesel Electric Set owned by it across the Inland Waterway by using South Island Ferry, which was operated by the South Carolina Highway Department as a part of Highway No. 716, said machinery, along with the tractor and trailer used in hauling it, was submerged in the surrounding waters on account of defects in the ferry, causing considerable damage to the generator set. Judgment was sought in the sum of $1,500.00. The State Highway Department, after denying all allegations of negligence and alleging negligence on the part of the driver of the truck, interposed the following defenses: (1) That respondent was not the real party in interest because it had been fully compensated for its loss by an insurance company for whose benefit the action was brought; that an action of this kind can only be brought by the person whose prop-

erty was damaged by a defect in the highway; and that respondent was seeking to evade the statute waiving the immunity of the State from suit in certain cases by bringing the suit in its name when in fact the action was prosecuted for the benefit of the insurance company which had paid the loss. (2) That the State has not given its consent to be sued for damages occurring on a ferry such as the one described in the complaint.

The Court below granted a motion by respondent to strike the first defense above mentioned, questioning the right of respondent to maintain this action, on the ground that the allegations relating thereto were incompetent, immaterial and irrelevant, and sustained a demurrer interposed by respondent to each of the above defenses on the ground that the facts alleged therein were insufficient to constitute a defense. The State Highway Department has appealed from this order.

We shall first inquire whether respondent is precluded from maintaining this action on account of the fact that it has been compensated for the loss by its insurer. The portion of Section 5887 (1) of the 1942 Code pertinent to this controversy is as follows: "Any person, firm or corporation who may suffer injury to his or her person or damage to his, her or its property by reason of a defect in any state highway, or by reason of the negligent repair of any state highway, * * * may bring suit against the state highway department for the actual amount of said injury or damage not to exceed in case of property damaged the sum of fifteen hundred dollars, * * *."

It has been uniformly held by this Court that statutes waiving the State's immunity from suit, being in derogation of sovereignty, must be strictly construed, and that the State can be sued only in the manner and upon the terms and conditions perscribed by the statute. But, as pointed out in *Rushton v. South Carolina State Highway Department,* 207 S. C. 112, 34 S. E. (2d) 484, 487, a statute

of this kind is not to be construed "to such an extent as to defeat the legislative intent." It was there said that the rule of strict construction "is subject to the principle that all rules of statutory construction are merely for the purpose of ascertaining the intention of the legislature as expressed in the statute."

It would seem clear that respondent has met every requirement of the statute under which this action is brought. It alleges that it has sustained damage to its property by reason of a defect in a State highway. This is all that the statute requires. It is said, however, that after the damage was sustained, respondent forfeited its right to bring suit against the Highway Department by accepting reimbursement of the loss from its insurer, for whose benefit it is claimed that the action is now brought. We are in effect asked to amend the statute so as to provide that a person sustaining damage to his property by reason of a defect in the highway may not bring an action against the State Highway Department when he has been compensated for the loss under a policy of insurance taken out and paid for by him. This would necessitate writing into the statute an exception entirely foreign to its spirit and purpose. The construction sought would limit the meaning of the statute without sense or reason. It is difficult to perceive why the fact that the injured party has insurance should affect his right to recover against the Highway Department. We do not think that it was ever contemplated that recovery for a loss should be denied because the injured party has been prudent enough to insure against it. In speaking of the effect of insurance in an action brought by an injured party against the government under the Federal Tort Claims Act, 60 Stat. 842, 28 U. S. C. A. §§ 1346, 2671 *et seq.,* Judge Chesnut said in *Grace et al., to Use of Grangers Mut. Ins. Co. v. United States,* D. C., 76 F. Supp. 174, 177: "It is not apparent why the prudent foresight of a property owner in protecting his property by insurance should result in a benefit to the Government or a detriment to the prop-

erty owner or his insurance carrier. In this respect the carriage of insurance would seem to be, so far as the Government is concerned, merely a transaction between the other parties in which the Government was no wise interested or from which it could be in any way adversely affected. It was, therefore, *res inter alios acta*."

Appellant contends, however, that the question is not an open one in this State but is concluded by our decision in *U. S. Casualty Co. v. State Highway Department,* 155 S. C. 77, 151 S. E. 887, 891. In that case a subrogated insurer which had paid to the owner of personal property a loss sustained as a result of a defect in a highway brought suit against the State Highway Department to recover the amount of said loss. Recovery was denied upon several grounds, among them that the statute only authorized the action to be brought by the owner of the property damaged and not by the one subrogated to the rights of the owner. The Court said: "The statute does not provide that an assignee of a person who has suffered damage to his property may sue the highway department. Neither is there a provision which permits a subrogated party to enter suit for damage occasioned to the property of the person from whom the right of subrogation comes. The property alleged in the respondent's complaint to have been damaged was the property of William Foor. The complaint did not allege damage to any property of the respondent." Justice Cothran did not agree with this phase of the opinion and filed a vigorous dissent.

The *U. S. Casualty case* has been quoted with approval and followed by the Supreme Court of Kansas, *American Mutual Liability Insurance Co. v. State Highway Commission,* 146 Kan. 239, 69 P. (2d) 1091, and by the Supreme Court of Alabama, *Turner et al. v. Lumbermens Mutual Insurance Co.,* 235 Ala. 632, 180 So. 300. But in *Dickerson et al. v. State,* 169 S. W. (2d) 1005, the Court of Civil Appeals of Texas indicated some doubt as to the correctness

of our decision and quoted with approval from the dissenting opinion of Justice Cothran.

There was considerable diversity of opinion in the lower Federal Courts as to whether an insurance company could bring suit under the Federal Tort Claims Act in its own name against the United States upon a claim to which it had become subrogated by payment to an insured who would have been able to bring such an action. The matter was finally set at rest by the recent decision of the United States Supreme Court in *United States v. Aetna Casualty & Surety Co.,* 338 U. S. 366, 70 S. Ct. 207. It was there held that such an action could be brought by the subrogated insurer.

We do not think the *U. S. Casualty case* controls the precise question here. It is only authority for the position that an action of this kind cannot be brought in the name of a subrogee because the immunity waived by the statute is not extended to such a party. Stated differently, the Court there held that derivative claims as such were not authorized by the statute; that is to say, the proper plaintiff in suits under the statute is the person who has been damaged by the defect in the highway, and therefore the suit can properly be filed only by that person. Appellant argues that the procedure here sought to be followed is an effort by indirection to do that which this Court held in the *United States Casualty case* could not be done directly, and that in fact this suit is brought solely for the benefit of the insurance company which paid the loss. The answer is that there is nothing in the statute which precludes an action in this form. Appellant is in no way prejudiced thereby. It is immaterial to it what the respondent does with any money recovered in this action.

Having concluded that there is nothing in Section 5887 which prohibits the maintenance of this action, is respondent precluded from doing so by Section 397 of the 1942 Code which provides that every action must

be prosecuted in the name of the real party in interest? We do not think so. Indeed, counsel for appellant concede in their brief that Section 397 has "absolutely no application to a suit brought under" Section 5887, which they say "is complete and entirely selfexecuting" and "defines in detail at the outset who are the real parties in interest in suits brought under it." We think the effect of the decision of this Court in the *United States Casualty case* is that in actions under Section 5887, the practice is the same as it was at common law, namely, the action must be brought in the name of the party who sustained the loss.

The remaining question is whether South Island Ferry constitutes a part of State Highway No. 716. Appellant contends that the State has not waived its immunity from suit for damages caused by a defect in the maintenance or repair of a ferry. It says that this construction of the statute is fully sustained by the case of *Chick v. Newberry and Union Counties,* 27 S. C. 419, 3 S. E. 787. That was an action to recover damages against Newberry and Union Counties for the loss of a mule and wagon while being transported across a river on a flat boat. The ferry was jointly owned and operated by the defendant counties. The action was based on a statute which provided that "any person who shall receive bodily injury or damage in his person or property through a defect in the repair of a highway, causeway, or bridge, may recover, in an action against the County, the amount of damage fixed by the finding of a jury." Gen. St. 1882, § 1087. After observing that the Act must be strictly construed and pointing out that ferries and flat boats were not mentioned therein, the Court held that the action could not be maintained. The Court emphasized the principle of *expressio unius est exclusio alterius* in reaching the conclusion that the Act did not cover damages resulting from the negligent operation of a ferry.

> The statute before us authorizes an action for damages sustained "by reason of a defect in any state highway" and does not mention bridges, ferries or

causeways. We need not now determine whether these generally may be classified as parts of the highway. The State Highway Department has apparently interpreted the statute under consideration as including bridges. *Ancrum v. State Highway Department,* 162 S. C. 504, 161 S. E. 98; *McCoy v. State Highway Department,* 169 S. C. 436, 169 S. E. 174. We limit our decision to the question of whether the particular ferry involved in this controversy is a part of a state highway. We think the General Assembly has expressly made it so under the terms of Act No. 29 of the Acts of 1947, 45 St. at L. 44, which is as follows: "That the South Carolina State Highway Department is authorized and directed to take over, maintain and operate the ferry across the intracoastal waterway which traverses State Highway No. 716 which extends from a point on U. S. Highway No. 17, South of Georgetown, South Carolina, in a Southeasterly direction to Winyah Bay, the said Ferry and its approaches to form a part of the said State Highway No. 716 in said County."

The foregoing construction appears to be in accord with the intent of the General Assembly as evidenced by other acts authorizing the State Highway Department to maintain and operate certain ferries. Act No. 896 of the Acts of 1934, 38 St. at L. 1539; Act No. 593 of the Acts of 1942, 42 St. at L. 1502; Act No. 387 of the Acts of 1944, 43 St. at L. 1193. In each of these acts it was specifically provided that the Highway Department should not be liable on account of personal injury or death, or damage to property, growing out of the establishment and operation of such ferry. The fact that there is no such exclusion in the Act relating to South Island Ferry is significant and strongly indicates that the General Assembly intended that the provisions of Section 5887 should apply to the maintenance, repair and operation of this ferry.

All exceptions are overruled and the order appealed from is affirmed.

BAKER, C. J., and FISHBURNE, STUKES and TAYLOR, JJ., concur.