19675

Mary B. GUNNELLS, Respondent, v. RAYBESTOS-MANHATTAN, INCORPORATED and Security Insurance Company of Hartford, Appellants.

(198 S. E. (2d) 535)

*Messrs. Sinkler, Gibbs, Simons & Guerard,* of Charleston, *for Appellants,* cite:

*Messrs. Grimball & Cabaniss,* of Charleston, *for Respondents,* cite:

*Messrs. Sinkler, Gibbs, Simons & Guerard,* of Charleston, for *Appellants, in Reply.*

August 14, 1973.

BRAILSFORD, Justice.

This is an appeal by the employer and its insurance carrier from the affirmance of an award of workmen's compensation benefits to the widow of an employee who died of asbestosis contracted in the scope and course of his employment. It is conceded, and the record conclusively establishes, that the employee was completely and continuously disabled by this disease from December 29, 1961, when his employment was terminated, until his death on April 30, 1969.

Appeal by the employer from an initial award of the South Carolina Industrial Commission to the circuit court was heard by Judge Baker, who remanded the case to the Commission for a finding as to "when by reasonable diligence (the deceased) could have discovered that his condition was a compensable one." The rationale of the order of remand was that a "finding of fact on this point (was) essential to a conclusion of whether (the employee) died within the six year period prescribed by Sec. 72-180," Code of 1962. No appeal was taken from this order. On remand, the Commission found that the employee "could not have by reasonable diligence discovered that his condition was a compensable one until it was so ruled on by the Commission," and again awarded benefits to the widow under Section 72-180. On appeal to the circuit court, the award was affirmed by order of Judge Nicholson, from which the employer prosecutes this appeal.

The dispositive question on the merits is whether death benefits accrued under the terms of the Act.

When the employee ceased work in 1961, he was advised by his employer's carrier that in its opinion he had not incurred a compensable disability. Instead of pursuing his workmen's compensation claim, the employee accepted pension benefits from his employer to the date of his death and received nothing under the Act. By the terms of the pension agreement, he would not have been eligible to receive benefits from both sources at the same time.

The widow's claim to death benefits must stand or fall on the terms of Section 72-180 (as related to occupational disease by Sec. 72-253), which creates a new right in dependents for the compensable death of an employee. By the terms of the statute, the right to such benefits is expressly limited to cases in which "death results proximately from an accident and within two years thereafter *or while total disability still continues and within six years after the accident . . . .*" Section 72-253 provides that "the disablement or death of an employee resulting from an occupational disease shall be treated as an injury by accident. . . ."

There can be no doubt that the employee had already suffered his "injury by accident," within the meaning of the above statute, when, on December 29, 1961, because of total disablement, he quit the watchman's job to which he had been transferred on account of asbestosis seven years earlier. Nor is there any doubt that he was thereafter continuously and totally disabled. Unfortunately for claimant, this leaves unfulfilled a further condition precedent to the accrual of any right to compensation for the death of her husband, *i.e.,* that such death occur "within six years after the accident."

This is not a statute of limitations, as in *Drake v. Raybestos-Manhattan, Inc.,* 241 S. C. 116, 127 S. E. (2d) 288 (1962), on which the circuit court mistakenly relied. Instead, "the right of recovery is conditioned upon" satisfaction of the requisites of the statute by which the right was conferred.

*McWilliams v. Southern Bleachery & Print Works,* 216 S. C. 121, 125, 57 S. E. (2d) 26, 27 (1949); *Burton v. Peter W. Blum and Son,* 270 N. C. 695, 155 S. E. (2d) 71 (1967). The requirement of death within six years of the accident not having been met, the right asserted never vested in the claimant.

Claimant argues at some length, as the first point in her brief, that the rationale of Judge Baker's interlocutory order is the law of this case and controlling on the merits here. We find no merit, and, since respondent gave no notice of additional sustaining ground under Rule 4. Section 7, no need to critically examine counsel's argument and citations. Suffice it is to say that the employer has adhered to its position on the merits throughout the litigation and was not required to appeal from this interlocutory order to preserve its right of review on appeal from final judgment. Secs. 7-12, 15-123(1), Code of 1962; *McCoy v. State Highway Department,* 169 S. C. 436, 169 S. E. 174 (1933), and authorities therein cited.

Reversed.

Moss, C. J., and Lewis, Bussey and Littlejohn, JJ., concur.