**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Betty Joe Floyd as Personal Representative of the Estate of Scottie W. Floyd, deceased, Employee, Appellant,

v.

Ken Baker Used Cars, Employer, and Legion Insurance Company, in liquidation, South Carolina Property & Casualty Insurance Guaranty Association, Carrier, and AmGuard Insurance Company, Carrier, Respondents.

Appellate Case No. 2012-209586

———————————

Appeal From Marion County
Thomas A. Russo, Circuit Court Judge

———————————

Unpublished Opinion No. 2013-UP-251
Heard June 4, 2013 – Filed June 19, 2013

———————————

**AFFIRMED**

———————————

Steve Wukela, Jr., of Wukela Law Office, of Florence, for Appellant.

Edwin Pruitt Martin, Jr., of Hedrick Gardner Kincheloe & Garofalo, LLP, of Columbia, for Respondent Ken Baker Used Cars & Amguard Insurance Company; Peter P. Leventis, IV and Mark Davis Cauthen, both of McKay

Cauthen Settana & Stubley, PA, of Columbia, for Respondent Legion Ins. Co., South Carolina Property & Casualty Insurance Guaranty Association.

———————

**PER CURIAM:** In this workers' compensation action, after an injured employee, Scottie Wayne Floyd (Decedent), passed away more than six years after his original injury, his mother and personal representative of his estate, Betty Joe Floyd (Mother), alleged he was entitled to a permanent award for the loss of use of the brain and back as well as permanent disability and also lifetime benefits and thus she was now eligible for benefits. She contends his discontinuation of seizure medicine was the proximate cause of his death in September 2008, not the 2001 workplace accident that caused the seizures. Mother appeals circuit court's affirming the Appellate Panel of the Workers' Compensation Commission's denial of her claims. We affirm.

1.      The Appellate Panel did not err in finding Decedent's death was the proximate result of the September 13, 2001 workplace accident because substantial evidence supports that decision. *See Shuler v. Gregory Elec.*, 366 S.C. 435, 440, 622 S.E.2d 569, 571 (Ct. App. 2005) (holding the Appellate Panel's decision must be affirmed if supported by substantial evidence in the record); *see also Shealy v. Aiken Cnty.*, 341 S.C. 448, 455, 535 S.E.2d 438, 442 (2000) (holding in workers' compensation cases, the Appellate Panel is the ultimate finder of fact); *Bass v. Kenco Grp.*, 366 S.C. 450, 458, 622 S.E.2d 577, 581 (Ct. App. 2005) (holding the final determination of the weight to be accorded evidence is reserved for the Appellate Panel); *Hargrove v. Titan Textile Co.*, 360 S.C. 276, 290, 599 S.E.2d 604, 611 (Ct. App. 2004) (determining that when the evidence conflicts over a factual issue, the findings of the Appellate Panel are conclusive); *Stone v. Traylor Bros.*, 360 S.C. 271, 274, 600 S.E.2d 551, 552 (Ct. App. 2004) (finding this court may not substitute its judgment for that of the Appellate Panel as to the weight of the evidence on questions of fact).

2.      The Appellate Panel did not err in determining Mother is not in the class of persons who the Act deems to be conclusively wholly dependent for support on Decedent in derogation of section 42-9-140(B) of the South Carolina Code. Section 42-9-140(B) of the South Carolina Code (Supp. 2012) provides, "If the deceased employee leaves no dependents or nondependent children, the employer shall pay the commuted amounts *provided for in Section 42-9-290 for whole dependents . . .* to his father and mother, irrespective of age or dependency."

(emphasis added).  Section 42-9-290 of the South Carolina Code (Supp. 2012) provides, "If death results . . . while total disability still continues and *within six years after the accident*, the employer shall pay [benefits] . . . ." (emphasis added).  Because Decedent died more than six years after the original injury, Mother is not eligible for benefits under section 42-9-140(B).  *See Gunnells v. Raybestos-Manhattan, Inc.*, 261 S.C. 106, 110-11, 198 S.E.2d 535, 536 (1973) ("By the terms of the statute, the right to such benefits is expressly limited to cases in which 'death results proximately from an accident and within two years thereafter [o]r while total disability still continues and within six years after the accident . . . .' . . . . Unfortunately for claimant, this leaves unfulfilled a further condition precedent to the accrual of any right to compensation for the death of her husband, I.e., that such death occur 'within six years after the accident.' . . . . '[T]he right of recovery is conditioned upon' satisfaction of the requisites of the statute by which the right was conferred.  The requirement of death within six years of the accident not having been met, the right asserted never vested in the claimant." (first ellipses by court) (citations omitted)).

3.      Finally, the Appellate Panel did not err in (a) finding Mother was not a dependent and not entitled to benefits Decedent would have received "had he lived" for loss of use of his back and brain pursuant to sections 42-9-30 and -280 of the South Carolina Code and Regulation 67-1101(C) of the South Carolina Code; (b) failing to find that prior to Decedent's death he had a permanent 20% loss of use of the back, arising out of the compensable accident of April 9, 2004, and pursuant to section 42-9-280, Mother is entitled to the unpaid balance of compensation Decedent would have been entitled to had he lived, because his death was from any cause other than the April 9, 2004 injury; (c) in failing to find that prior to Decedent's death, he had a permanent 85% loss of use of the brain arising from the admitted September 13, 2001 accident, and pursuant to section 42-9-280, Mother is entitled to the unpaid balance of compensation he would have be entitled to if he lived, because his death was from any other cause than his September 13, 2001 injury; and (d) in failing to award 2,279.4 weeks of benefits for loss of use of brain to Mother pursuant to section 42-9-30 and Regulation 67-1101(C).

As stated above, substantial evidence supports the Appellate Panel's determination Decedent died as a result of the original accident.  Therefore, section 4-9-280 does not apply here.  *See Stone v. Roadway Express*, 367 S.C. 575, 585, 627 S.E.2d 695, 700 (2006) "[Section] 42-9-290 is the applicable statute where the employee dies from the injury or accident which entitled him to workers' compensation benefits.

It simply has no application to [section] 42-9-280, which applies when . . . the employee dies from an independent cause.").

Further, section 42-9-280 requires a party to be a dependent to receive benefits under it. Substantial evidence supports the Appellate Panel's decision that Mother was not a dependent of Decedent. *See Shuler*, 366 S.C. at 440, 622 S.E.2d at 571 (holding the Appellate Panel's decision must be affirmed if supported by substantial evidence in the record); *see also Shealy*, 341 S.C. at 455, 535 S.E.2d at 442 (holding in workers' compensation cases, the Appellate Panel is the ultimate finder of fact); *Bass*, 366 S.C. at 458, 622 S.E.2d at 581 ("The final determination of witness credibility and the weight to be accorded evidence is reserved for the [A]ppellate [P]anel."); *Hargrove*, 360 S.C. at 290, 599 S.E.2d at 611 (determining that when the evidence conflicts over a factual issue, the findings of the Appellate Panel are conclusive). Accordingly, Mother was not entitled to benefits under section 42-9-280. Further, because Decedent's death arose out of the original accident but transpired more than six years after the accident, Mother is not eligible for benefits. Moreover, no award was made under sections 42-910 or -30 because Decedent was not found to have reached MMI and was receiving temporary benefits.

**AFFIRMED.**

**HUFF, WILLIAMS, and KONDUROS, JJ., concur.**